UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRYAN REECE, *Plaintiff* | § § § § § | |
| v. | § § | |
| MIDLAND CREDIT MANAGEMENT, INC., *Defendant* | § § § § § § | CASE NUMBER: 1:21-cv-00099 |
| . | § | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Plaintiff, Bryan Reece ("Plaintiff" or "Reece" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), as well as under the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), for statutory damages, and other relief for violations of the FDCPA and the TDCA against Defendant, Midland Credit Management, Inc. ("Midland" herein).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq*..

1

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury as a result of Defendant's violations contained herein.

6. Plaintiff further suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff. Moreover, Defendant also reported the underlying debt to the credit reporting agencies.

## THE PARTIES

7. Plaintiff, Bryan Reece, is an individual who resides in a geographical area within the Austin Division of the Western District of Texas.

8. Defendant, Midland Credit Management, Inc., is a foreign corporation that is authorized to do business in Texas. Service may be completed on the following registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

9. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

10. Plaintiff is a "consumer" as that term is defined by §392.001(1) of the TDCA.

11. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes, with Capital One Bank USA, N.A. ("alleged debt" herein).

12. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

13. The alleged debt(s) is a "consumer debt" as that term is defined by §392.001(2) of the TDCA.

14. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.

15. The alleged debt was subsequently transferred to Midland, a debt purchaser and debt collector.

16. Midland regularly collects or attempts to collect defaulted consumer debts by using the telephone and mails.

17. Midland is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

18. Midland is a "third-party debt collector" as defined in § 392.001(7) of the TDCA.

19. On or about October 20, 2020, Midland filed a lawsuit ("Lawsuit" herein) against Plaintiff in Travis County Court at Law in connection to the alleged debt (styled Midland Credit Management, Inc. v. Bryan P. Reece, Cause #C-1-CV-20-004879, Travis County Court at Law #2).

20. However, Plaintiff did not receive formal service of the Lawsuit until January 6, 2021 (See Exhibit A incorporated by reference).

21. Nevertheless, on or about November 4, 2020, *prior* to service of the Lawsuit on Reese, Midland sent to Plaintiff a collection letter ("Letter" and/or "Exhibit B" herein that is partially redacted in accordance with FRCP 5.2 ) whereby Midland sought to collect the alleged debt, the same debt that is/was the basis of the Lawsuit.

22. In the Letter, Midland offered Plaintiff a settlement offer that gave him a deadline of 12/04/2020 as indicated as follows:

> **"A judgment could be awarded by the court before the expiration of the discount offer listed in this letter. A judgment may include costs and post-judgment interest which may increase the balance owed."**

> **"If you pay the discount offer in this letter by 12/04/2020, we will satisfy the judgment in full upon receipt of payment based on the balance stated in this letter."**

23. Plaintiff alleges that the Letter was false and misleading to Plaintiff and the unsophisticated/least sophisticated consumer because Plaintiff had not received service of the Lawsuit until January 6, 2021 (Exhibit A). Therefore, it was not possible for Midland to have taken a judgment against Plaintiff by the December 4, 2020 deadline in the Letter. Moreover, Plaintiff would be entitled to file an answer and contest the lawsuit, thereby preventing any judgment by the 12/04/2020 deadline.

24. Plaintiff further alleges that the Letter was false and misleading to Plaintiff and the unsophisticated/least sophisticated consumer because the Letter indicates there is already a judgment: **If you pay the discount offer in this letter by 12/04/2020, we will satisfy the judgment in full upon receipt of payment based on the balance stated in this letter.**

25. Obviously, there was/is no judgment in place and the statement that the payment would satisfy the judgment is false and misleading.

26. Plaintiff alleges that the effect of the Letter is to confuse and mislead Plaintiff and an unsophisticated/least sophisticated consumer about the fundamental legal right to file an answer and dispute the Lawsuit in Court.

27. The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

28. The Letter was a form of "debt collection" as that term is defined by §392.001(5).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

30. **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—
       (A) the character, amount, or legal status of any debt;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

31. Midland violated sections (2)(A) and (10) of 15 U.S.C. §1692e with the Letter a) by falsely stating that Midland could obtain a judgment by a deadline that was not possible as Midland did not receive service of process and b) by falsely stating that a settlement would release a judgment when Midland had no judgment against Plaintiff.

32. Midland further violated sections (2)(A) and (10) of 15 U.S.C. §1692e in the Letter by informing Plaintiff that there was an urgency to pay the alleged debt in a manner that is misleading and inconsistent with the legal right of Plaintiff to defend himself in court against the Lawsuit.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

34. **15 U.S.C. §1692(f) of the FDCPA provides as follows:**

    **UNFAIR PRACTICES**

    **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

35. Plaintiff alleges in the alternative that to the extent the Letter does not violate sections (2)(A) and (10) of 15 U.S.C. §1692e, the Letter constituted unfair practices in so much as Midland used unfair and unconscionable means to collect a debt by at the very least a) confusing Plaintiff and an unsophisticated/least sophisticated consumer as to the legal rights to defend the Lawsuit and b) by falsely stating that there was already a judgment.

## COUNT III—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

37. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

> **FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**
>
> **(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
>
> **(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**
> **(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

38. The Letter falsely suggested a) Midland could take a judgment against Plaintiff by December 4, 2020 and b) falsely stated that the payment of the allege debt would release a judgment.

39. Midland therefore violated the TDCA.

## REQUEST FOR ATTORNEYS' FEES

40. Plaintiff seeks reasonable attorneys' fees as per the FDCPA, TDCA, and any other statutory or common law basis.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby demands a trial by jury.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Bryan Reece, prays that the Defendant, Midland Credit Management, Inc., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

a. The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code §392.403(a)(2);

b. The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code §392.403(b);

c. The Court award Plaintiff, actual and statutory/additional damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

d. The Court award Plaintiff, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

e. The Court award Plaintiff, prejudgment and post judgment interest as allowed by law;

f. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

*Attorney for Plaintiff Bryan Reece*